IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CR-14-82-C |
| | ) | CIV-16-381-C |
| DERRICK J. ALBERS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. At the direction of the Court, Plaintiff filed a response and this matter is now at issue. In his motion, Defendant raises four claims of ineffective assistance of counsel: (1) failure to object to a four-level enhancement in the presentence investigation report; (2) failure to object to the determination of loss and the amount of restitution due; (3) failure to object to enhancement under USSG § 2B1.1(b)(10)(c); and (4) by causing Defendant to enter into an appellate waiver. In response, Plaintiff asserts the waiver executed as part of the Plea Agreement bars each of Plaintiff's claims.

Because the Plea Agreement contains a waiver of the right to collaterally challenge Defendant's conviction, the Court must first determine its validity. Because ground four of Defendant's motion challenges the validity of the waiver, the Court's analysis begins there.

The Tenth Circuit has set forth the standard to measure Defendant's argument of ineffective assistance under the circumstances of this case:

> To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance. In the context of a guilty plea, this requires defendant to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial." Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (quotation omitted), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002). Further, defendant's "mere allegation that he would have insisted on trial but for his trial counsel's errors, although necessary, is ultimately insufficient to entitle him to relief. Rather, we look to the factual circumstances surrounding the plea to determine whether [defendant] would have proceeded to trial." Id. (citation omitted). Specifically, while defendant is not required to prove a reasonable probability that, but for counsel's mistakes, he would have prevailed at trial, the assessment of whether he would have changed his plea depends in large part on a prediction of whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors. See id. at 1074-75.

United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002). Defendant offers no evidence or argument to meet his obligation. Rather, Defendant's claims of ineffective assistance assertions focus solely on his understanding of the appellate waiver and counsel's alleged failure to properly explain its scope. Defendant argues that he understood the waiver to permit him to challenge a sentence based on an improperly calculated guideline range. Notably, Defendant does not argue in his motion that he would not have pleaded guilty, only that he would have demanded a change to the waiver language. However, under the law set out above, this is insufficient. Further, the Court notes that during the plea colloquy the Court specifically advised Defendant that he was waiving the right to appeal if an error of law was

2

made. Defendant clearly and unequivocally expressed his consent and understanding to that statement:

> [THE COURT:] Finally, I want to emphasize to you this waiver of appeal. This is a very important right that shouldn't be given up lightly. What that means is if I should make an error of law in this case at sentencing or otherwise, you're giving up your right to take that error to a higher court and ask that it be corrected.
>
> You're also giving up your right to come back to this Court by way of habeas corpus and ask that it be corrected.
>
> You're also giving up your right to take advantage of any reduction in guideline range imposed by the sentencing commission somewhere down the line.
>
> Is it your intent to give up those rights?
>
> DEFENDANT: Yes, ma'am.

(Plea Tr. page 15, line 17 through page 16, line 4, Dkt. No. 126.) Therefore, the arguments raised in ground four do not impact the validity of the waiver and do not warrant relief.

Having found that the alleged ineffectiveness of counsel does not provide a basis for vacating the plea and thus ignoring the waiver contained in the Plea Agreement, the Court turns to the impact of the waiver on the remainder of Defendant's arguments. If the Court finds the waiver of appellate and collateral attack rights applicable and enforceable, Defendant's motion may survive only if enforcing the waiver would cause a miscarriage of justice. See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir 2004).

In paragraph 8 of the Plea Agreement, Defendant agreed to give up any right to "[a]ppeal or collaterally challenge his guilty plea . . . and any other aspect of hi[s]

conviction . . . ." (Dkt. No. 56, p. 8.) Defendant's present challenge is within the scope of the waiver. See Hahn, 359 F.3d at 1325 ("The first prong of the analysis requires the court to determine if the disputed appeal falls within the scope of the appellate waiver."). The issues Defendant presses in his motion are the type of issues governed by the terms of the waiver.

Turning to the second Hahn prong, whether the waiver was knowing and voluntary, the Court finds this prong is likewise met, as Defendant's statements in the Petition to Enter Plea of Guilty and at the change of plea hearing provide ample evidence the plea was knowingly and voluntarily entered. Id. ("The second prong of the analysis requires the court to ascertain whether the defendant knowingly and voluntarily waived his appellate rights."). Under questioning by the Court, Defendant testified that he understood the terms of the agreement, that he understood the questions asked, and gave truthful answers to those questions. Further, the Court specifically pointed out to Defendant that he was giving up his right to appeal or collaterally challenge the conviction. Defendant expressed his understanding and agreement with those terms.

Finally, the third prong of Hahn considers whether enforcing the waiver will result in a miscarriage of justice. Id. at 1327. As noted above, Defendant cannot show that he entered into the Plea Agreement blindly or agreed to the waiver blindly. Rather, the evidence demonstrating that Defendant willingly and knowingly entered into the Plea Agreement and accompanying waiver is formidable. Accordingly, the Court finds that enforcement of the waiver will not result in a miscarriage of justice.

Defendant has not requested an evidentiary hearing, and the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (citing United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996)).

CONCLUSION

As set forth more fully herein, Defendant's claims are barred by the terms of the waiver included in the Plea Agreement. Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 136) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 1st day of June, 2016.

ROBIN J. CAUTHRON
United States District Judge